Jones, J.
(dissenting). I cannot agree that there was probable cause justifying the police stop of the moving van at 6:25 a.m. in this case. Accordingly, I would affirm the order of the Appellate Division granting the motion to suppress.
Although the police officers were aware that more than two hours before there had been a storefront robbery in the neighborhood, there was nothing to suggest any relationship between that robbery and the van which defendant was driving. Nor was there any aspect of the appearance of the van or the manner of its operation to arouse reasonable suspicion that it or its occupants might be engaged in criminal activity. The majority appears to predicate its conclusion on the confluence of several circumstances: that the area was one "which has experienced a number of store burglaries”; that the motor vehicle was "an unmarked closed van”; "the only vehicle on the street”, "turning left onto Fulton Street some two hundred feet from the scene of the prior burglary”; that it "halted momentarily”; that the officers observed "an unidentified man suddenly appear and hurriedly enter the front of the van as a passenger”; that "The van continued along, traveling a route that put it near the place where the police had first spotted it” (p 983). I find nothing suspicious in these circumstances, appraised separately or when taken in combination. When asked whether there was "anything suspicious about what they were doing at the time”, Officer Skelly, the only witness to testify at the suppression hearing, answered, "Just that the man appeared suddenly and got in beside the operator”. Skelly added that he had not the faintest idea where the man had come from and knew nothing about him. Surely that "suspicion” did not warrant the stop.
The People do not contend, nor did the suppression court base its determination on a conclusion, that the police stop in this case was warranted under People v Ingle (36 NY2d 413) *985 on the ground that the officers reasonably suspected a violation of the Vehicle and Traffic Law. (Cf. Delaware v Prouse, 440 US 648.) The suppression court explicitly based its denial of the motion to suppress on its application of our holding in People v De Bour (40 NY2d 210). The Appellate Division, however, properly held that the De Bour principles — applicable to the exercise of the common-law right of inquiry of a pedestrian — may not be extended to apply to motor vehicle stops. Nor does the majority now rely on De Bour.
We have only recently been reminded that, with very limited exception, the Fourth Amendment requires that seizure of persons be supported by the long prevailing standards of probable cause and been told that such seizures are not to be judged by a balancing test such as that invoked by the suppression court in this case. (Dunaway v New York, 442 US —, 47 USLW 4635.)
Because it is my opinion that the Appellate Division did not err in concluding that there was no showing of probable cause in this instance, I would affirm the order of that court.
Chief Judge Cooke and Judges Jasen, Gabrielli and Wachtler concur; Judge Jones dissents and votes to affirm in a separate opinion in which Judge Meyer concurs; Judge Fuchsberg taking no part.
Order reversed and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.